# UNITED STATES DISTRICT COURT
# EASTERN DISTICT OF TEXAS
# SHERMAN  DIVISION

| | | |
|---|---|---|
| PERFICIENT, INC., | § § § | |
| Plaintiff, | § § | Civil Action No. 4:22-cv-00801-SDJ |
| vs. | § § § | |
| DZS INC., | § § | |
| Defendant. | § § § | |

## DEFENDANT'S ORIGNAL ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant DZS Inc. ("DZS" or "Defendant"), by and through its attorneys of record, Brian A. Farlow, Grable Martin Fulton PLLC, and files this its Original Answer, Affirmative Defenses, and Counterclaim to the Complaint filed by Plaintiff Perficient, Inc. ("Perficient" or "Plaintiff") in the above-referenced cause of action.  In support thereof, Defendant would respectfully show the Court, as follows:

## I.     Original Answer

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant deny each and every allegation contained in Plaintiff's Original Complaint, except for those expressly admitted herein.  The numbered paragraphs and titles herein correspond to the paragraphs and titles within Plaintiff's Original Complaint.

## I.     <u>INTRODUCTION</u>

1.     Plaintiff's Introduction does not appear to contain anything more than legal conclusions, for which no response is required.  To the extent that Plaintiff's Introduction contains allegations, those allegations are denied.  Further, Defendant denies that Plaintiff has any claim under either statutory or common law, or any other theory, against the Defendant.

2.     Plaintiff's Introduction does not appear to contain anything more than legal conclusions, for which no response is required.  To the extent that Plaintiff's Introduction contains allegations, those allegations are denied.  Further, Defendant denies that Plaintiff has any claim under either statutory or common law, or any other theory, against the Defendant.

## II.     <u>PARTIES, JURISDICTION AND VENUE</u>

3.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations regarding Plaintiff's citizenship or residency.  Accordingly, Defendant denies the allegations contained in paragraph 3 of Plaintiff's Original Complaint.

4.     This paragraph names the parties and needs no admission or denial.  However, to the extent a response is required, Defendant DZS admits that it is a Delaware Corporation

and that it does business in Texas.[1]  Defendant otherwise denies any other allegations in paragraph 4 of Plaintiff's Original Complaint.

5.      This paragraph appears to contain only legal conclusions regarding the amount in controversy for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 5 of Plaintiff's Original Complaint.

6.      This paragraph appears to contain only legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 6 of Plaintiff's Original Complaint.

### III.    FACTS COMMON TO ALL COUNTS

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations regarding Plaintiff.   Accordingly, Defendant denies the allegations contained in paragraph 7 of Plaintiff's Original Complaint.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations regarding Plaintiff.    Accordingly, Defendant denies the allegations contained in paragraph 8 of Plaintiff's Original Complaint.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations regarding Plaintiff or the intentions of Plainitff's customers. Accordingly, Defendant denies the allegations contained in paragraph 9 of Plaintiff's Original Complaint.

10.     Defendant admits that one of its business areas is telecommunications. Defendant otherwise denies any allegation contained in paragraph 10 of Plaintiff's Original Complaint.

---

[1]  DZS further notes that Plaintiff has incorrectly identified DZS as "DZS, Inc."  The correct name of DZS is "DZS Inc."

11.     Defendant admits that it designs, develops, and manufactures communications network equipment for telecommunications operators and enterprises.  Defendant otherwise denies any allegation contained in paragraph 11 of Plaintiff's Original Complaint.

12.     Defendant admits that it has, over a period of time, acquired other business entities some of which were overseas.  Defendant otherwise denies any allegation contained in paragraph 12 of Plaintiff's Original Complaint.

13.     Defendant admits that Charlie Vogt was hired as the DZS CEO in July of 2020.  Defendant otherwise denies any allegation contained in paragraph 13 of Plaintiff's Original Complaint.

14.     Defendant denies that Darren Whitney was hired as DZS's CIO in September 2020.  Subject to this denial, Defendant admits that Darrin Whitney was hired by Defendant as its CIO in September 2020.  Defendant otherwise denies any allegation contained in paragraph 14 of Plaintiff's Original Complaint.

15.     Defendant admits that Perficient was retained, in part, based on Perficient's claims of expertise in the implementation and integration of Oracle ERP and Oracle SCM.  Defendant otherwise denies any allegation contained in paragraph 15 of Plaintiff's Original Complaint.

16.     Defendant admits that DZS and Perficient entered into a Master Services Agreement ("MSA") on or about March 22, 2021.  Defendant DZS further admits that Exhibit A to Plaintiff's Original Complaint appears to be a true and correct copy of the MSA.  Defendant otherwise denies any allegation contained in paragraph 16 of Plaintiff's Original Complaint.

17.     Defendant admits that the terms of the MSA speak for themselves.  Defendant otherwise denies the allegations contained in paragraph 17 of Plaintiff's Original Complaint.

18.     Defendant admits that the single-spaced portions of paragraph 18 appear to accurately be copied from the MSA, but that the copied portions are not complete, cherry picked and do not accurately reflect the entirety of the MSA.  Accordingly, Defendant denies the allegations contained in paragraph 18 of Plaintiff's Original Complaint.

19.     Defendant admits that the single-spaced portions of paragraph 19 appear to accurately be copied from the MSA, but that the copied portions are not complete, cherry picked, and do not accurately reflect the entirety of the MSA.  Accordingly, Defendant denies the allegations contained in paragraph 19 of Plaintiff's Original Complaint.

20.     Defendant admits that DZS and Perficient entered into a Statement of Work ("SOW") on or about March 23, 2021.  Defendant DZS further admits that Exhibit B to Plaintiff's Original Complaint appears to be a true and correct copy of the that SOW.  Defendant otherwise denies any allegation contained in paragraph 20 of Plaintiff's Original Complaint.

21.     Defendant admits that the terms of the SOW speak for themselves.  Defendant otherwise denies the allegations contained in paragraph 21 of Plaintiff's Original Complaint.

22.     Defendant admits that the single-spaced portions of paragraph 22 appear to accurately be copied from the SOW, but that the copied portions are not complete, cherry picked, and do not accurately reflect the entirety of the SOW.  Accordingly, Defendant denies the allegations contained in paragraph 22 of Plaintiff's Original Complaint.

23.     Defendant admits that the SOW provided a timeline in Paragraph 5.1 that ran for 5 (five) months from March 2021 to the end of July 2021.  Defendant admits that the SOW

provided a "pricing" in Paragraph 5.2 that was $1,412,438.00.  Defendant further admits that Paragraph 5.2 provided for a discount of $185,736—which reduced the price to $1,226,702. Defendant otherwise denies the allegations in paragraph 23 of Plaintiff's Original Complaint.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations regarding Plaintiff or the Plaintiff's alleged reliance or beliefs. Accordingly, Defendant denies the allegations contained in paragraph 24 of Plaintiff's Original Complaint

25.     Defendant admits that the quoted portions of paragraph 25 appear to accurately be copied from the SOW, but that the copied portions are not complete, cherry picked, and do not accurately reflect the entirety of the SOW.  Accordingly, Defendant denies the remaining allegations contained in paragraph 25 of Plaintiff's Original Complaint.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations regarding Plaintiff or the Plaintiff's alleged reliance or beliefs. Accordingly, Defendant denies the allegations contained in paragraph 26 of Plaintiff's Original Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of Plaintiff's Original Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of Plaintiff's Original Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of Plaintiff's Original Complaint.

30.     Defendant admits that it retained Perficient to perform certain work under the terms of the MSA and SOW.  Defendant otherwise denies the allegations contained in Paragraph 30 of Plaintiff's Original Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of Plaintiff's Original Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of Plaintiff's Original Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of Plaintiff's Original Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of Plaintiff's Original Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of Plaintiff's Original Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of Plaintiff's Original Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiff's Original Complaint.

38.     Defendant admits that DZS and Perficient entered into an initial change request on or about August 13, 2021.  Defendant DZS further admits under the change request, Perficient charged DZS an additional $499,955.00.  Defendant otherwise denies the allegations contained in paragraph 38 of Plaintiff's Original Complaint.

39.     Defendant admits that DZS and Perficient entered into a second change request on or about September 14, 2021.  Defendant DZS further admits under the second change

request, Perficient charged DZS an additional $362,246.00.  Defendant otherwise denies the allegations contained in paragraph 39 of Plaintiff's Original Complaint.

40.     Defendant admits that DZS and Perficient entered into a third change request on or about November 3, 2021.  Defendant DZS further admits under the third change request, Perficient charged DZS an additional $1,621,790.00.  Defendant otherwise denies the allegations contained in paragraph 40 of Plaintiff's Original Complaint.

41.     DZS admits that the total increase Perficient charged DZS under the three change requests was $2,483,991.00 and that when added to the amount under the SOW ($1,226,702.00), the total is $3,710,693.00.  DZS further admits that Exhibit C to Plaintiff's Original Complaint appears to be a true and correct copy of the three change requests. Defendant otherwise denies the remaining allegations contained in paragraph 41 of Plaintiff's Original Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of Plaintiff's Original Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of Plaintiff's Original Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of Plaintiff's Original Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of Plaintiff's Original Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of Plaintiff's Original Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of Plaintiff's Original Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of Plaintiff's Original Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of Plaintiff's Original Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of Plaintiff's Original Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of Plaintiff's Original Complaint.

52.     Defendant admits that the single-spaced portions of paragraph 52 appear to accurately be copied from paragraph 5.4 of the third change request, but that the copied portions are not complete, cherry picked, and do not accurately reflect the entirety of the third change request.  Accordingly, Defendant denies the allegations contained in paragraph 52 of Plaintiff's Original Complaint.

53.     Defendant admits that Perficient submitted eleven (11) invoices between December 2021 and March 2022.  Defendant DZS denies that any of the Perficient's invoices were correct, proper, undisputed or that Perficient actually performed the work or services described in the invoices.  Defendant DZS denies any remaining allegations contained in paragraph 53 of Plaintiff's Original Complaint.

54.     Defendant DZS admits that the eleven (11) invoices identified by Perficient in paragraph 53 total $803,130.19.  Defendant denies that the invoices identified by Perficient are correct, proper, undisputed or that Perficient actually performed the work or services

described in the eleven (11) invoices. Defendant otherwise denies any remaining allegations contained in paragraph 54 of Plaintiff Original Complaint.

55.     Defendant DZS admits that the invoice issue dates, numbers and amounts are accurately reflected in the table provided in paragraph 55.  Defendant DZS denies that the invoices reflected in the table in paragraph 55 are correct, proper, owed, undisputed or that Perficient actually performed the work or services described in the eleven (11) invoices. Defendant otherwise denies any remaining allegations contained in paragraph 54 of Plaintiff Original Complaint.

56.     Defendant denies the allegations contained in paragraph 56 of Plaintiff's Original Complaint.

57.     Defendant denies the allegations contained in paragraph 57 of Plaintiff's Original Complaint.

58.     Defendant denies the allegations contained in paragraph 58 of Plaintiff's Original Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of Plaintiff's Original Complaint.

60.     Defendant denies the allegations contained in paragraph 60 of Plaintiff's Original Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of Plaintiff's Original Complaint.

62.     Defendant denies the allegations contained in paragraph 62 of Plaintiff's Original Complaint.

63.     Defendant admits that due to Perficient's repeated failures to meet its contractual obligations, DZS was forced to engage Inspirage, LLC to perform an audit of the integration project.  Defendant otherwise denies the allegations contained in paragraph 63 of Plaintiff's Original Complaint.

64.     Defendant denies the allegations contained in paragraph 64 of Plaintiff's Original Complaint.

65.     Defendant denies the allegations contained in paragraph 65 of Plaintiff's Original Complaint.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations regarding Inspirage's employee hiring.  Accordingly, Defendant denies the allegations contained in paragraph 66 of Plaintiff's Original Complaint

67.     Defendant admits that Perficient has demanded that DZS pay $803,130.19 but denies that Perficient is entitled to be paid that amount or otherwise have any recovery from DZS.  Defendant otherwise denies any remaining allegations contained in paragraph 67 of Plaintiff's Original Complaint.

68.     Defendant DZS admits that Perficient has claimed that DZS has hired, directly or indirectly, Perficient employee, but denies that DZS has ever hired, either directly or indirectly, any Perficient employee.  Defendant otherwise denies any other allegations contained in paragraph 68 of Plaintiff's Original Complaint.

69.     Defendant denies the allegations contained in paragraph 69 of Plaintiff's Original Complaint.

## IV.     CAUSES OF ACTION

### COUNT I—BREACH OF CONTRACT

70.     Defendant denies the allegations contained in paragraph 70 of Plainitff's Original Complaint.

71.     This paragraph appears to contain only legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 71 of Plaintiff's Original Complaint.

72.     This paragraph appears to contain only legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 72 of Plaintiff's Original Complaint.

73.     Defendant denies the allegations contained in paragraph 73 of Plainitff's Original Complaint.

74.     This paragraph appears to contain only legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 74 of Plaintiff's Original Complaint.

75.     This paragraph appears to contain only legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 75 of Plaintiff's Original Complaint.

76.     This paragraph appears to contain only legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 76 of Plaintiff's Original Complaint.

### COUNT II—QUANTUM MERUIT

77.     Defendant denies the allegations contained in paragraph 77 of Plainitff's Original Complaint.

78.     Defendant denies the allegations contained in paragraph 78 of Plainitff's Original Complaint.

79.     Defendant denies the allegations contained in paragraph 79 of Plainitff's Original Complaint.

80.     Defendant denies the allegations contained in paragraph 80 of Plainitff's Original Complaint.

81.     This paragraph appears to contain only legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 81 of Plaintiff's Original Complaint.

82.     This paragraph appears to contain only legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 82 of Plaintiff's Original Complaint.

<u>**COUNT III—UNJUST ENRICHMENT**</u>

83.     Defendant denies the allegations contained in paragraph 83 of Plainitff's Original Complaint.

84.     Defendant denies the allegations contained in paragraph 84 of Plainitff's Original Complaint.

85.     Defendant denies the allegations contained in paragraph 85 of Plainitff's Original Complaint.

86.     This paragraph appears to contain only legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 86 of Plaintiff's Original Complaint.

87.     This paragraph appears to contain only legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 87 of Plaintiff's Original Complaint.

### V.     ATTORNEY'S FEES AND COSTS

88.     Defendant denies the allegations contained in paragraph 88 of Plainitff's Original Complaint.

89.     Defendant denies the allegations contained in paragraph 89 of Plainitff's Original Complaint.

90.     This paragraph appears to contain only legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 90 of Plaintiff's Original Complaint.

### VI.     PRAYER FOR RELIEF

The remainder of Plaintiff's Original Complaint consists of a Prayer for Relief and needs no admission or denial.  However, to the extent a response is required, Defendant denies any allegation contained in Plaintiff's Prayer.  Defendant further denies that Plaintiff is entitled to any of the relief sought in Plaintiff's Prayer or that Plaintiff is entitled to any relief against Defendant whatsoever.

## II.     Affirmative Defenses

1.  Plaintiff's claims are defeated in whole or in part because Plaintiff has already been paid all it is owed, if not more, under the MSA, SOW, and/or the three change requests.

2. Plaintiff's claims are barred in whole or in part by Plainitff's failure to perform the services or provide the deliverables called for the under MSA, SOW, and/or the three change requests.

3. Plaintiff's claims are defeated in whole or in part by Plaintiff's fraud and misrepresentations regarding its expertise, experience, and ability to perform the services or provide the deliverables required by the MSA, SOW, and/or the three change requests.

4. Plaintiff's claims are barred in whole or in part by its prior material breach of the MSA, SOW, and/or the three change requests.

5. Defendant reserves the right to assert additional affirmative defenses as this matter proceeds.

### III.    Counterclaim

#### A. PARTIES, JURISDICTION AND VENUE

1.    DZS Inc. ("DZS" or "Counter Plaintiff") is a Delaware corporation with is principal place of business in Collin County, Texas.  DZS has appeared in this action.

2.    Perficient, Inc. ("Perficient" or "Counter Defendant") is Missouri corporation with its principal place of business in St. Louis, MO.  Perficient has already appeared in this action.

3.    This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a) in that DZS's claims derive from a common nucleus of operative facts and are related to the claims asserted by Perficient in Plaintiff's Original Petition.

4.      This Court also has subject matter jurisdiction over DZS's claims under 28 U.S.C. § 1332(a)(1) in that there is completely diversity between the parties and DZS's claims exceeds $75,000.

5.      Venue is proper in the Sherman Division of the Eastern District of Texas pursuant to the forum and venue selection provision contained in Section 21(j) of the MSA—which specified exclusive venue and jurisdiction in any state or federal court sitting in Collin County, Texas.

### B.  FACTS APPLICABLE TO ALL COUNTS

6.      In late 2020, DZS began to explore possible courses of action to fully integrate its sales, production, warehouse, shipping, and billing systems.  At the time, DZS's systems in these functional areas were not fully integrated—creating efficiency and operating issues.

7.      DZS lacked the expertise to internally integrate these various functional areas. Accordingly, DZS contacted Perficient to determine whether Perficient could provide the necessary integration services and deliverables.   Perficient held itself out as a highly experienced expert in Oracle ERP and Oracle SCM systems and integration.

8.      As DZS made clear to Perficient, the ERP and SCM integration  was essential to DZS's continued growth.  The project was, from DZS's perspective, a mission critical integration project.

9.      In Mach of 2021, Perficient proposed the parties execute the MSA and provided the MSA to DZS for execution.  After some negotiations, Perficient and DZS executed the MSA on or about March 22, 2021.

10.     Contemporaneously with the MSA, Perficient also prepared the SOW.  The project timeline contained in the SOW was developed, proposed and included by Perficient.

DZS never demanded a more condensed project timeline.  Indeed, since Perficient was the purported subject -matter experts regarding Oracle integration, DZS relied on Perficient to accurately and adequately develop a feasible project timeline and integration plan.

11.     Similarly, the project budget or cost was solely developed by Perficient.  Again, DZS relied on Perficient to develop a proper project budget that was accurate and adequate. At no time did DZS demand the budget proposed by Perficient be reduced.

12.     Perficient's timeline promised the project would be completed by July of 2021 (the "Implementation Date") and Perficient's budget promised the project would cost $1,222,702.  Prior to the Implementation Date, Perficient notified DZS that Perficient would not be able to timely complete the project.  Given the mission-critical nature of the project, the delay caused concern at DZS.  However, Perficient assured DZS that it could complete the project—albeit with a delay in the implementation date and an increase in cost.

13.     DZS and Perficient then entered into two change requests that extended the implementation date to the end of October 2021, added some requirements and increased the project's cost by a total of $860,201.00.

14.     In October 2021, Perficient again notified DZS that it could not meet the extended implementation date and that completion of the project would have significant increased costs.  The second delay notice by Perficient was deeply concerning to DZS.  The continuing integration delay was hampering business operations, and this was Perficient's second demand for more time and more money.

15.     Based on Perficient's "we are almost there" mantra, DZS negotiated another change request.  This change request extended the project deadline until February 2022, added functionality requirements and increased the total cost by an additional $1,533,790.00.

16.     By December 2021, DZS was still without the promised integrated ERP system and the cost had ballooned to over $3,500,000.  In January 2022, Perficient notified DZS that it could not meet the February 2022 deadline.  Perficient informed DZS that Perficient would need and additional $2,000,000 to complete the project and the new implementation date would be in April 2022.  This was Perficient's third request for more time and more money.

17.     Through out the integration program, members of the respective DZS and Perficient teams conducted regular meetings during which DZS frequently provided direct feedback regarding the services and deliverables provided by Perficient.  By November 2021 (and continuing through the termination of Perficient), DZS was regularly notifying Perficient of issues—even specifically disputing that certain services and deliverables were provided, proper, or functioning.  DZS further informed Perficient of the lack of participation of Perficient's employees in meeting (even as Perficient billed DZS for the employee's non-participation).  Perficient either ignored DZS's disputes or provided "fixes" or "patches" that themselves subsequently failed.

18.     By January 2022, DZS had received some of the deliverables from Perficient and was testing those deliverables with Perficient (at that time the project was scheduled to "go live" in just a few weeks).  The error/failure rate for these deliverables provided by Perficient was at an astonishing 80%.  Further, limited portions of the deliverable from Perficient had "gone live" and were failing in spectacular fashion.  Importantly, critical manufacturing integration deliverables were not delivered by Perficient.

19.     After receiving Perficient's third demand for more time and money, deliverables that failed after going live, and test results that showed an 80% failure rate for Perficient's deliverables, DZS paused the project.  DZS retained a third-party to provide an

assessment of Perficient's services and deliverables and notified Perficient that there was a third-party conducting an assessment.   While Perficient demanded more time and more money, it never provided plan that addressed its prior failures or demonstrated what it would do differently to complete the project successfully.   After a review of the status of the project, and the deliverables and services provided by Perficient, DZS terminated the relationship with Perficient.

20.     Perficient's failure to provide the required service and deliverables breached the parties' written agreements(s)—specifically section 17(b)(i) of the MSA.   Section 17(b)(i) expressly obligated Perficient to provide "the Services in a professional and workmanlike manner in accordance with generally accepted industry standards."   Perficient further breached the MSA by failing to properly provide the time sheets as required by the terms of the agreements, including section 4(c) of the MSA and section 5.7 of the March 2021 SOW.

21.     While DZS terminated Perficient for cause under the terms of the MSA, DZS still required the integration work Perficient had been retained to perform but failed to do so. Consequently, and at considerable additional expense, DZS was forced to retain a third-party to complete the integration work and correct the failed systems Perficient had already provided.   The third-party retained by DZS was not the party that conducted the assessment of the project.

22.     The delay further imposed by Perficient breach of the contract also forced DZS to incur substantial additional operating costs because it was forced to continue using the legacy system (that should have been replaced had Perficient performed) or implement manual procedures to overcome the failed deliverables provided by Perficient.

## CAUSES OF ACTION

**A. Breach of Contract**

23.      Counter Plaintiff DZS re-alleges and incorporates the allegations contained in paragraphs 1-21 above.

24.      Counter Defendant Perficient materially breached the parties' agreement by failing to provide the promised services and deliverables are required by the parties' agreements.  Counter Plaintiff DZS sues for breach of contract to recover all damages DZS sustained as a result of Perficient's breach.

25.      To date, DZS has sustained damages in excess of $3,000,000.

26.      Under the Texas Civil Practices and Remedies Code Section 38.01, and the terms of the parties' written agreements, DZS is entitled to recover its reasonable attorney's fees and costs.

27.      DZS is also entitled to recover pre-judgment and post-judgment interest at the maximum rates allowed by law.

## CONDITION PRECEDENT

28.      All condition precedent to Plainitff's claims for relief have been performed or have occurred.

## PRAYER

**WHEREFORE, PREMESIS CONSIDERED**, Counter Plaintiff DZS Inc. respectfully requests that the Court grant the following relief in this matter:

    a.  Damages as provided by law, as requested above;
    b.  Reasonable and necessary attorney's fees, expenses and costs, as requested above;
    c.  Pre-and post-judgment interest at the highest rates allowed by law; and

d.  Such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Dated:  October 26, 2022                     Respectfully submitted,


By:        */s/ Brian A. Farlow*
State Bar No. 00795339

**GRABLE MARTIN FULTON**
17766 Preston Road, Suite 106
Dallas, Texas 75252
Telephone: (469) 480-8201
bfarlow@grablemartin.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on

all counsel of record via the court's ECF notification system on the 26th day of October, 2022.


*/s/  Brian A. Farlow*
Brian A. Farlow